*571 OPINION of the Court, by
Ch. J. Bibb
Steele declared against Gist upon his covenant to pay four hundred and seventy dollars on or before the first day of April, 1807, and in case payment should not be punetually made, then to deliver to the said Steele, and leave in his possession, a valuable negro man, until payment be made — averred the non payment, and the failure to deliver and leave in his possession a valuable negro man, &c. and a failure to perform the covenant, although often requested, &c.
To this Gist-pleaded covenants performed, and there? upon issue was joined to the country.
Secondly, as a barr to the action, “-that he had the negro man ready,,to deliver and put in possession of the said plaintiff, according to the tenor and effect of the *572 covenant aforesaid, and the plaintiff aforesaid would not receive him; and this he is ready to verify: wherefore,” &c.
pleads a Oum pie», pUintirF ¡¡atent^0
The regularity of judgtáeut court, without idtsfrfmg of the ■**!?»? -?“* ]*e fiíjame, and not by the ¡ha. of a pisa.
Thirdly, he pleaded as in the second plea, adding thereto, that the plaintiff “ informed the said defendant that he was willing, and he then and there agreed to r^ceive a reasonable hire for the said negro in lieu of ⅛¾ said negro’s services ; and the said defendant avers that he has always been ready, and is still ready to pay %'reasonakle hire for the said negro man ; and this he *s ready to verify : wherefore,” &c.
To the second and third pleas the plaintiff demurred, an<^ defendant joined in demurrer. The plaintiff afterwards withdrew his demurrer. The jury charged with the issue joined, returned a verdict for the plaintiff, and assessed his damages to 512 dollars. 45 cents ; betng no more toan the principal sum start interest. ⅜ or this judgment was rendered for Ae plaintiff; to which Gist prosecutes tins writ ef error, tviih supersedeas.
The first allegation of error is, that the sheriff returned the name Of the bail without any bail bond.
As no judgment has been rendered against the bail, this allegation is immaterial.
The fifth allegation is, that the plaintiff below has not correctly set out, or declared upon the writing obligatory, and the supposed variance is pointed out. Similar allegations have been again and again overruled in this court of late ; but as those decisions have not been reported and published for the information of the public, it may be worth the trouble of stating the principle of those decisions. The defendant below did not crave oyer pf the obligation or covenant, and therefore, if there was a variance between that and the declarar tion, he, cannot take advantage of it, the covenant not being part of the record- — (Vide Shepherd vs. Hubbard ante 494.)
The ether allegations may all be resolved into an objection to the verdict and judgment, because^ihe second and third pleas were not disposed of in some way or other before the jury were charged with the issue joined.
It is clear that the delivery of the negro, or any legal excuse for non delivery, in default of payment of the sum mentioned in the declaration? could not have barred the action for the money. The negro, if delivered, *573 would not have been a satisfaction of the covenant t6 pay the money, but a pledge only for the payment stipulated in the covenant. The covenant to pay would, notwithstanding the delivery of the negro, have remained a subsisting duty, not suspended, nor indefinitely postponed: it is declared that the negro should remain in possession of the plaintiff “ until payment be made.” For this cause alone, independent of other defects, both pleas must be considered as frivolously pleaded in barr of the whole action. Therefore, the plaintiff, but for the plea of covenants performed, might have had judgment signed as for want of a plea. The issue joined has been regularly disposed of, and judgment thereon rendered, as not oposed by the second or third matters pleaded. Tney amount to a confession of a cause of action in the plaintiff below, and the judgment upon the verdict is right, each and either plea undis-posed of non obstante. At first view, it appears somewhat irregular to render judgment for the plaintiff in an action whilst a plea is unanswered. But, upon consideration, it is clear that the regularity or irregularity of such a judgment must be tested by the substance, and not the shadow of a plea.--Judgment affirmed.